IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

VICKIE MILLER,

      Plaintiff,

v.                                 No. 05-2413 B

NIPPON CARBON COMPANY, LTD.,
MITSUBISHI LOGISTICS CORPORATION,
MITSUBISHI LOGISTICS AMERICA
CORPORATION, MOROHOSHI FREIGHTAGE,
LTD., and YANG MING MARINE TRANSPORT
CORPORATION,

      Defendants.

And

YANG MING MARINE TRANSPORT
CORPORATION,

      Third-Party Plaintiff,

v.

INTERMODAL CARTAGE COMPANY, INC.,

      Third-Party Defendant.

_____

ORDER GRANTING MOTION OF DEFENDANT MOROHOSHI FREIGHTAGE, LTD. TO
DISMISS AND DENYING MOTION OF THE PLAINTIFF TO TRANSFER
_____

       This diversity action for wrongful death arose when Larry Miller, the husband of the

Plaintiff, Vickie Miller ("Miller"), was killed after an electrode fell on him as he attempted to

offload it from a shipping container.  Before the Court are the motions of the Defendant, Morohoshi

1

Freightage, Ltd. ("Morohoshi"), to dismiss for lack of personal jurisdiction and by the Plaintiff, Vickie Miller, to transfer this case to the United States District Court for the Eastern District of Arkansas.   As these motions are interrelated, the Court will address them in a single order, considering each motion in turn.   For the reasons set forth below, the motion to dismiss is GRANTED and the motion to transfer is DENIED.

Relevant to the instant pleadings, this Court entered an order on March 22, 2006, granting the motions of Defendants Nippon Carbon Co., Ltd. ("Nippon") and Mitsubishi Logistics Corp. ("Mitsubishi") to dismiss the complaint based on this forum's lack of personal jurisdiction over them.   Although the Plaintiff's decedent was killed in Tennessee, this Court agreed with Nippon and Mitsubishi's positions because the Defendants had insufficient contacts, ties, or relations with Tennessee and thus they could not "reasonably have expected to be haled into court in this state." (Order Granting Defs.' Mots. to Dismiss at 6).   On March 24, 2006, Morohoshi submitted a dispositive motion similar in theory to that of Nippon and Mitsubishi.   On June 26, 2006, Miller filed a second complaint in the District Court for the Eastern District of Arkansas naming as Defendants Nippon, Mitsubishi, and Intermodal Cartage Company, Inc. ("Intermodal"), and thereafter sought to transfer this federal lawsuit to that forum.   Finally, an agreed order was entered by this Court on December 19, 2006, dismissing Defendant Yang Ming Marine Transport Corporation.

I.   <u>MOTION TO DISMISS</u>

Rule 12(b)(2) permits the court to dismiss a complaint for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2).   A federal court may exercise jurisdiction over the person "in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and

(2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." <u>Youn v. Track, Inc.</u>, 324 F.3d 409, 417 (6th Cir. 2003).  The Tennessee long-arm statute renders nonresidents subject to the "jurisdiction of the courts of this state as to any action or claim for relief arising from . . . [a]ny tortious act or omission within this state; [or] [a]ny basis not inconsistent with the constitution of this state or of the United States."  Tenn. Code Ann. § 20-2-214(a).  This statute is "construe[d] to extend [jurisdiction] to the limits of due process."  <u>Neal v. Janssen</u>, 270 F.3d 328, 331 (6th Cir. 2001).

The <u>Youn</u> court instructed that

> [t]he bedrock principle of personal jurisdiction due process analysis is that when the Defendant is not physically present in the forum, [it] must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  "Minimum contacts" exist when the Defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there.  It is necessary that the Defendant purposefully avail [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.  This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.  Random, fortuitous, or attenuated activity is not a constitutionally adequate basis for jurisdiction.

<u>Youn</u>, 324 F.3d at 417 (internal citations and quotation marks omitted).

Both "general" and "specific" jurisdiction may be adequate bases for personal jurisdiction. <u>Conti v. Pneumatic Prods. Corp.</u>, 977 F.2d 978, 981 (6th Cir. 1992).  General jurisdiction exists "when the defendant's contacts with the forum state are 'substantial' and 'continuous and systematic,' so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state."  <u>Youn</u>, 324 F.3d at 417-18.  A federal court has specific jurisdiction "when 'a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'"  <u>Id.</u> (quoting <u>Helicopteros</u>

Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868 (1984)).

In Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968), the Sixth Circuit articulated a three-part test for determining the appropriateness of a federal court's exercise of specific jurisdiction:  (1) "the defendant must purposefully avail [itself] of the privilege of acting in the forum state or causing a consequence in the forum state;" (2) "the cause of action must arise from the defendant's activities there;" and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."  Southern Machine Co., 401 F.2d at 381; see also Youn, 324 F.3d at 418.  Failure to satisfy any one of the Southern Machine Co. elements "means that personal jurisdiction cannot be invoked."  Southern Sys., Inc. v. Torrid Oven Ltd., 58 F. Supp. 2d 843, 848 (W.D. Tenn. 1999).

With respect to the reasonableness element, the United States Supreme Court has cautioned that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."  Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 114, 107 S. Ct. 1026, 1033 (1987); see also City of Monroe Employees Retirement Sys. v. Bridgestone Corp., 399 F.3d 651, 666 (6th Cir. 2005).  "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field."  Asahi Metal Indus. Co., 480 U.S. at 115, 107 S. Ct. at 1034 (quoting United States v. First Nat'l City Bank, 379 U.S. 378, 404, 85 S. Ct. 528, 542 (1965) (Harlan, J., dissenting)).  Whether the exercise of personal jurisdiction over a foreign defendant is "reasonable" requires a balancing of the following factors: "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining

4

relief." Bridgestone Corp., 399 F.3d at 666 (citing Asahi Metal Indus. Co., 480 U.S. at 113, 107 S. Ct. 1026).

As Morohoshi has challenged the Court's jurisdiction over it , the burden of establishing the existence of personal jurisdiction lies with the Plaintiff.  See Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002); Siebelink v. Cyclone Airsports, Ltd., No. 1:01-CV-591, 2001 WL 1910560, at *1 (W.D. Mich. Nov. 27, 2001).  In the absence of an evidentiary hearing on the jurisdiction question,

> the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.  To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction.  Furthermore, a court does not weigh the controverting assertions of the party seeking dismissal.

Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998) (citations omitted).  The Plaintiff may not, however, rest on her pleadings "but must set forth specific facts showing that this Court has jurisdiction."  Siebelink, 2001 WL 1910560, at *1 (citing Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991)).

The electrodes at issue in this action were manufactured by Nippon in Japan and sold to Nuccor Corporation ("Nuccor"), a steel producer with facilities in Arkansas.  (Tadao Masuda Decl. at ¶¶ 11, 12).[1]  In April 2004, the electrodes were packaged in a container in Japan by Morohoshi. (Mot. to Dismiss at 2-4).  Morohoshi is a Japanese corporation whose primary business is "the preparation, receipt, and transport of freight moved via marine vessels."  (Id. at 2).  Morohoshi's principal place of business is in Yokohama, Japan, although it maintains branch offices in Toyama

---

[1]Tadao Masuda is the "Managing Director and Director of the Administrative Division of Defendant Nippon . . . ."  (Masuda Decl. at ¶ 1).  Nippon submitted Masuda's declaration in support of its motion to dismiss Miller's complaint.

and Omi-hachiman, Japan.  (Id. at 3).  This Defendant has no affiliation with any company outside of Japan, except for two Chinese companies.  (Id.).  Morohoshi's sole contact with any American company is with NYK Logistics Americas, Inc. ("NYK") which transports shipments of goods manufactured by Morohoshi's Japanese customers within the United States.  (Id.).  The Japanese Defendant only conducted business with NYK at their Chicago, Illinois office and did not have knowledge of other NYK offices or operations at the time of the accident.  (Id.).  Morohoshi has never performed marine freight operations outside of Japan and has never been licensed to conduct business in Tennessee.  (Id.).  It has no offices or other facilities in Tennessee and neither owns property nor conducts financial transactions in Tennessee.  (Id.).  Finally, it has no agent for service of process in Tennessee.  (Id.).

Specific to the Plaintiff's allegations, Morohoshi maintains that it had no involvement in either the mode or method of transportation of the electrodes through Tennessee.  (Id.).  Moreover, all witnesses and documents related to the packing of the electrodes into the container are located in Japan.  (Id.).

In its response to the Defendant's motion to dismiss, Miller requested this Court to hold its ruling in abeyance until after the Plaintiff had filed her motion to transfer.  However, the Plaintiff does not contest any of the foregoing facts concerning Morohoshi's lack of business contacts with this forum.  There is no evidence that Morohoshi transacted any business, advertised for business, or marketed its services through an agent, in Tennessee.  Rather, the facts presented demonstrate that the Defendant has no contacts whatsoever with this State, other than loading goods into a container, that eventually made its way to Tennessee, and placing it on a ship.  Because this Defendant did not purposefully avail itself of the Tennessee forum, the Court does not have personal jurisdiction over

it.  See Southern Sys., Inc., 58 F. Supp. 2d at 848 ("The requirement of purposeful availment prevents defendants from being haled into a jurisdiction as a result of random, fortuitous contacts or the unilateral actions of a plaintiff or third party.").  Thus, the Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.

II.    MOTION TO TRANSFER

In her motion, Miller contends that transfer of the case is appropriate in general under 28 U.S.C. § 1404(a) and specifically as to Morohoshi Freightage, Ltd. under 28 U.S.C. § 1406(a).

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This Court is afforded "broad discretion under § 1404(a)." Fannin v. Jones, 229 F.2d 368, 370 (6th Cir. 1956) (per curiam).  A district court may consider several factors when deciding whether to transfer a case under § 1404, including "the private interests of the parties," Thomas & Betts Corp. v. Hayes, 222 F. Supp. 2d 994, 997 (W.D. Tenn. 2002), "the relative ease of access to sources of proof," the availability of compulsory process for unwilling witnesses, "the costs of obtaining attendance of willing[] witnesses," the relative ability of litigants to bear expenses in any particular forum, public interest concerns, and other practical problems affecting the case. Leopard Roofing Co. v. Asphalt Roofing Indus. Bureau, 190 F. Supp. 726, 730 (E.D. Tenn. 1960) (citations omitted).

Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Unlike a transfer under 28 U.S.C. § 1404(a) which provides for a change of venue for the convenience of

the parties, § 1406(a) allows a transfer to cure obstacles that prevent an adjudication on the merits. De La Fuente v. Interstate Commerce Comm'n, 451 F. Supp. 867, 872 (N.D. Ill. 1978). "[A] district is 'wrong' within the meaning of § 1406 whenever there exists an 'obstacle (to) . . . an expeditious and orderly adjudication' on the merits." Taylor v. Love, 415 F.2d 1118, 1120 (6th Cir. 1969) (quoting Dubin v. United States, 380 F.2d 813, 815 (5th Cir. 1967)). Before deciding to transfer a case under § 1406(a), the transferor court must determine if the suit "could have been brought" in the venue to which the party seeks to have the case transferred. 28 U.S.C. § 1406(a). The court must then examine whether it is in the "interest of justice to grant such a transfer" rather than dismiss. Naegler v. Nissan Motor Co., 835 F. Supp. 1152, 1158 (W.D. Mo. 1993). Additionally, when a court transfers venue under § 1406(a), the transferee court applies its own choice of law rules, unlike § 1404(a) where a transferee court applies the law of the transferor court. GBJ Corp. v. Eastern Ohio Paving Co., 139 F.3d 1080, 1084-85 (6th Cir.1998).

Initially, the Court notes that the Plaintiff is currently prosecuting two claims arising from the death of her husband, one in this Court and the other in the Eastern District of Arkansas. However, in order to determine whether a transfer is appropriate under either circumstance, the court must find if the Plaintiff either "might have," 28 U.S.C. § 1404(a), or "could have," 28 U.S.C. § 1406(a), originally brought her action, including her claims against Morohoshi, in the Eastern District of Arkansas. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960) ( stating relevant to section 1404(a) that "[i]f when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district 'where (the action) might have been brought.' If he does not have that right, independently of the wishes of defendant, it is not a district 'where it might have been brought'") (internal citation omitted).

The Sixth Circuit has stated that questions of diversity based jurisdiction are determined by the district court applying the law of the state in which it is located.  See Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980).  In this case, the federal court in the Eastern District of Arkansas would look to that state's long-arm statute.  The Arkansas Long-Arm Statute provides for "personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution."  Ark. Code Ann. § 16-4-101.

In her motion to transfer, the Plaintiff argues that Arkansas may exercise personal jurisdiction over Morohoshi because it "participated in transporting a specific load of cargo to that district." (Mot. to Transfer at 7).  Such activity alone is not sufficient to provide jurisdiction over this Defendant in Arkansas.  Furthermore, the Plaintiff has not refuted Morohoshi's assertions concerning its lack of business relationships with Arkansas.[2]

In Asahi Metal Industry Co., former Justice Sandra Day O'Connor wrote that

> [t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.  Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.  But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

---

[2]While Morohoshi has not specifically addressed its lack of business relationships with Arkansas, it has stated that its only business relationship in the United States is with NYK in Chicago and that that relationship is limited to contacting NYK to arrange for transportation of its Japanese customers' goods within the United States.  See supra at 5-6.

480 U.S. at 112, 107 S. Ct. at 1032.  Moreover, "[t]he use of interstate facilities (telephone, the mail) . . . and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the 'minimum contact'' required by due process."  Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 151 (6th Cir. 1997) (quoting Scullin Steel Co. v. National Ry. Utilization Corp., 676 F.2d 309, 314 (8th Cir.1982)).

Even taking Plaintiff's allegations as to jurisdiction as true, other than utilization of modes of interstate commerce, there is no evidence that Morohoshi directed any conduct toward or indicated an intent or purpose to serve the Arkansas market.  Morohoshi did not sell or market the electrodes to Nuccor in Arkansas.  Its only involvement in the case was packing the electrodes into a marine transport container in Japan.  The Court finds that because Morohoshi did not purposefully avail itself of the privilege of conducting business within Arkansas, it cannot be sued there.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183-84 (1985).  Because the Court has determined that the Eastern District of Arkansas cannot exercise personal jurisdiction over Morohoshi, the  motion to transfer is DENIED.

IT IS SO ORDERED this 26th day of February, 2007.

s/  J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE