IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

VICKIE MILLER,

    Plaintiff,

v.   No. 05-2413 B

NIPPON CARBON COMPANY, LTD.,
MITSUBISHI LOGISTICS CORPORATION,
MITSUBISHI LOGISTICS AMERICA
CORPORATION, MOROHOSHI FREIGHTAGE,
LTD., and YANG MING MARINE TRANSPORT
CORPORATION,

    Defendants.

And

YANG MING MARINE TRANSPORT
CORPORATION,

    Third-Party Plaintiff,

v.

INTERMODAL CARTAGE COMPANY, INC.,

    Third-Party Defendant.

_____

ORDER DISMISSING CROSS-MOTIONS FOR SUMMARY JUDGMENT AND THIRD-
PARTY COMPLAINT AS MOOT
_____

      This diversity action for wrongful death arises out of an accident involving Larry Miller, the husband of the Plaintiff, Vickie Miller ("Miller"), who was killed after an electrode fell on him as he attempted to offload it from a shipping container.  Before the Court are the motion for summary

1

judgment of the Third-Party Defendant Intermodal Cartage Company, Inc. ("ICC") and the cross-motion for summary judgment of the Third-Party Plaintiff Yang Ming Marine Transport Corporation ("Yang Ming").  Both parties have responded, and the motions are now appropriate for disposition.  For the reasons set forth below, Yang Ming's action against ICC is dismissed as moot and therefore, the cross-motions are likewise dismissed as moot.

## BACKGROUND

In a previous ruling on a summary judgment motion, the Court noted the following relevant facts:

> On June 10, 2004, Larry Miller was killed while unloading "several 4800 pound electrodes from an intermodal cargo container." Defendant Nippon Carbon Company, Ltd. ("Nippon") manufactured the electrodes at its plant in Japan and had them shipped to Nucor Steel in Blytheville, Arkansas.  Defendant Morohoshi Freightage, Ltd. ("Morohoshi") loaded the electrodes into cargo containers and delivered the containers to a "container yard in Nagoya, Japan." Defendant/Third-Party Plaintiff Yang Ming Marine Transport Corporation ("Yang Ming") "transported the cargo containers by ocean freighter to Long Beach, California then by rail to Memphis, Tennessee." [Mitsubishi Logistics America Corporation ("MLAC")] arranged for transportation of the containers from the railyard in Memphis to their ultimate destination in Arkansas.  MLAC had no contractual obligation "with respect to loading the electrodes into the cargo containers or inspecting or insuring proper stowage of the electrodes within those containers."  This defendant did, however, receive a copy of Nippon's shipping plan for the electrodes which it forwarded to Miller's employer, Global Material Services ("GMS").  According to the Plaintiff's expert, the Nippon shipping plan did not comport with industry standards for the transportation of "[m]achinery and other heavy items."

(Order Granting Def.'s Mot. Summ. J., March 30, 2007, at 2-3) (footnote and citations omitted).

Based on these events, Miller's decedent brought an action against Defendants Nippon Carbon Co., Ltd., Mitsubishi Logistics Corp., Mitsubishi Logistics America Corp., Yang Ming

2

Marine Transport Corp. ("Yang Ming"), and Morohoshi Freightage, Ltd. Thereafter, Defendant Yang Ming filed a Third-Party Complaint pursuant to Fed. R. Civ. P. 14(a) against ICC. In its complaint, Yang Ming asserts that the ocean containers and chassis containing the electrodes were interchanged to ICC for delivery to GMS in Memphis, Tennessee. (Third-Party Compl. at ¶ 5). Because the accident in question occurred during an "interchange period" as defined in the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA"), Yang Ming contends that ICC should indemnify it for any liability imposed against Yang Ming by Miller. (Third-Party Compl. ¶ 6, and ¶ 2 (prayer for relief)). Both Yang Ming and ICC were allegedly signatories to the UIIA.

According to the Court's docket, at various points between March 22, 2006, and March 30, 2007, all of the original Defendants were dismissed from this action.[1] Specifically, in a consent order dated December 19, 2006, the case against Yang Ming was dismissed "on the merits." (Consent Order Dismissing Plaintiff's Claims Against Defendant Yang Ming, Dec. 19, 2006, at 2).

## ANALYSIS

Fed. R. Civ. P. 14(a) provides, in relevant part,

> (a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

(Emphasis added).

In Faser v. Sears, Roebuck & Co., 674 F.2d 856 (11th Cir. 1982), the plaintiff sued a pharmacy operated by the defendant for medical malpractice. In turn, the defendant, pursuant to

---

[1] The majority of these Defendants were terminated from the litigation on the basis of lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2).

3

Fed. R. Civ. P. 14(a), filed a third-party complaint against the pharmacist. Faser, 674 F.2d at 858. Thereafter, the district court granted summary judgment in favor of Sears, Roebuck & Co. but denied as moot a similar dispositive motion by the third-party defendant. Id.  On appeal, the pharmacist claimed the district court erred in denying his motion, arguing that it should have simply dismissed the case against him in its entirety. Id.

In holding that the grant of summary judgment in favor of the original defendant deprived the district court of jurisdiction over the third-party action, the appellate court stated,

> Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to implead a third party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." Impleader, or third party practice, is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim. United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967).  In other words, if the defendant has no liability to the plaintiff, then the third party defendant has no liability to the defendant-third party plaintiff. Likewise, if the Fasers have no claim against Sears, then Sears has no claim against Dr. Fishman . . . .  Therefore, the third . . . party complaint[] in this case necessarily became moot when summary judgment was granted in favor of Sears, and the district court then lost jurisdiction to rule on these claims. See Sannon v. United States, 631 F.2d 1247 (5th Cir. 1980).  The district judge should have dismissed the action[] against Dr. Fishman . . . instead of denying [his] motion[] for summary judgment.

Id. at 860; accord TRW Title Ins. Co. v. Security Union Title Ins. Co., 153 F.3d 822, 827 n.3 (7th Cir. 1998);  Citizens Ins. Co. of Am. v. Kic Chemicals, Inc., 2007 WL 1238893, *6 (W.D. Mich Apr. 27, 2007); Arcon Corp. v. Liberty Mut. Ins. Co., 591 F. Supp. 15, 19 (M.D. Tenn. 1983); see also Charles Alan Wright et al., 6 Federal Practice & Procedure Civil 2d, § 1460, at 464 (2d ed. 1990).

Accordingly, as this Court has entered an order dismissing Miller's claims against Yang

Ming, ICC is no longer subject to liability to the Third-Party Plaintiff for any part of the Plaintiff's action against Yang Ming.[2]  Thus, Yang Ming's claims against ICC are moot, and the third-party complaint is DISMISSED for lack of subject matter jurisdiction.  See Arcon Corp., 591 F. Supp at 19, n.4  ("Mootness is a jurisdictional question under the Constitution, Art. III, which may be raised by the Court on its own initiative.") (citing North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 404 (1971)).  With this determination, the Court also DISMISSES the cross-motions for summary judgment as moot.

**IT IS SO ORDERED** this 8th day of August, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that the Third-Party Plaintiff also asserts that ICC is liable to it for attorney's fees and costs of litigation under the UIIA, which is "a standard industry contract between intermodal carrier companies and water and rail carriers."  See (Mem. in Supp. Third-Party Def.'s Mot. Summ. J. at 3).  However, because those claims are not part of Miller's cause of action against Yang Ming, they do not save the Third-Party herein from the bar of mootness. See Fed. R. Civ. P. 14(a); Faser, 674 F.2d at 860.  To the extent Yang Ming may have an independent claim against ICC under this agreement, it may pursue the action in a separate lawsuit and not under Fed. R. Civ. P. 14(a).